United States District Court
District of Massachusetts

| | |
|---|---|
| NOUREDDINE NAJIH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 15-10081-NMG |
| AVIS BUDGET GROUP, INC. and ) | |
| AVIS BUDGET CAR RENTAL SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from alleged incidents of discrimination and retaliation against plaintiff Noureddine Najih ("Najih") by defendants Avis Budget Group, Inc. and Avis Budget Car Rental Services, Inc. (collectively "Avis"). Plaintiff contends that his employment with Avis was terminated in retaliation for complaining about discrimination wrought by his supervisor John Paton ("Paton").

Pending before the Court is defendants' "partial motion to dismiss" Counts V and VI of plaintiff's complaint which the Court will impartially allow for the reasons that follow.

**I. Background**

Between March, 2006 and September, 2011, plaintiff worked for Avis as a "shuttler" responsible for moving company vehicles

among various locations at Boston Logan Airport.  In January, 2011, plaintiff was allegedly given permission to become a bus driver and to attend requisite training.

Paton became of one plaintiff's supervisors during the summer of 2011.  One day in September, 2011, Najih signed out of work to attend bus driver training but Paton claims he did so without Paton's permission.  During the argument that ensued, Paton allegedly told plaintiff that he would never be a bus driver because he was Moroccan.  Plaintiff protested that he was being discriminated against and that he would file a lawsuit. Paton suspended plaintiff for three days after which plaintiff was informed that his employment was terminated.

Plaintiff subsequently filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD").  After an investigation, MCAD concluded that plaintiff's discrimination claim lacked probable cause because there was insufficient evidence to determine that his termination was due to discrimination.

In September, 2014, Najih filed a complaint in the Massachusetts Superior Court for Suffolk County asserting claims against defendants for 1) discrimination on the basis of race (Counts I and II), 2) discrimination on the basis of national origin (Counts III and IV) and 3) retaliation (Counts V and VI).

Defendants timely removed the case to this Court and moved to dismiss Counts V and VI of the complaint in January, 2015.

## II. Defendants' motion for partial dismissal

### A. Legal standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). The Court, however, need not accept legal conclusions as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### B. Application

Defendants contend that Counts V and VI of the complaint are barred because plaintiff failed to exhaust his administrative remedies for his retaliation claims. Generally, a plaintiff must first assert a claim at the agency level in

order to raise it later in federal court. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

Citing Pelletier v. Town of Somerset, 458 Mass. 504, 514-515 (2010), plaintiff responds that those claims need not have been raised with MCAD because he alleged that defendants retaliated against other employees of his same national origin and therefore his own claims were preserved by the "scope of the investigation" rule. Under that rule,

> a claim that is not explicitly stated in the administrative complaint may be asserted in the subsequent [] Court action so long as it is based on the acts of discrimination that the MCAD investigation could reasonably be expected to uncover.

Id. at 514 (citations omitted).

Plaintiff's argument fails for two reasons. First, Pelletier is inapposite because it concerns discrimination claims and not retaliation claims. Id. at 506. Second, the First Circuit Court of Appeals has clarified that

> retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency-*e.g.*, the retaliation is for filing the agency complaint itself.

Clockedile v. New Hampshire Dep't of Corrections, 245 F.3d 1, 6 (1st Cir. 2001). Retaliation claims may be raised for the first time in federal court only if they arose in connection with the filing of an administrative complaint after it has been filed. See, e.g., Rodriguez v. JetBlue Airways Corp., 2012 WL 6632823,

-4-

at *2 (D. Mass. Dec. 20, 2012); Kenney v. MML Investors Servs., Inc., 266 F. Supp. 2d. 239, 245-46 (D. Mass. 2003). Plaintiff failed to raise his retaliation claims with MCAD even though the alleged retaliation occurred prior to the filing of his administrative complaint.

Accordingly, Counts V and VI of plaintiff's complaint will be dismissed.

### ORDER

For the foregoing reasons, defendants' "partial motion to dismiss" (which is treated as a motion for partial dismissal) (Docket No. 7) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 20, 2015